IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARLON JERMAINE DAILEY, #189344, )
                                                  )
    Plaintiff,                               )
                                                  )
v.                                           )    CIVIL ACTION NO. 2:14-CV-418-MEF
                                                  )                   [WO]
                                                  )
KIM TOBIAS THOMAS, et al.,            )
                                                  )
    Defendants.                          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Marlon Jermaine Dailey ("Dailey"), a state inmate, filed this 42 U.S.C. § 1983 action asserting violations of his Eighth and Fourteenth Amendment rights stemming from alleged systemic deficiencies at the Ventress Correctional Facility. However, upon initiation of this case, Dailey did not file the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk. Thus, the court did not have the information necessary to determine whether Dailey should be allowed to proceed *in forma pauperis* in this case and therefore entered an order requiring that Dailey provide the court with this information on or before June 25, 2014. *Order of June 5, 2014 - Doc. No. 3* at 1-2. The court specifically cautioned Dailey that failure to comply with this order would result in a recommendation that this case be dismissed. *Id*. at 2.

As of the present date, Dailey has filed nothing in response to the aforementioned

order. The court therefore concludes that this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Dailey's failure to file the requisite fees or provide the court with financial information in compliance with the order of this court.  It is further

ORDERED that on or before July 18, 2014, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE, this 8th day of July, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE